UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMMY WALLACE,<br><br>                        Plaintiff,<br><br>-against-<br><br>NEW YORK CITY; NEW YORK POLICE DEPARTMENT; CHIEF OF NEW YORK CITY POLICE DEPARTMENT; HARRIS HASKOVIC, POLICE OFFICER; MICHAEL MONAHAN, POLICE OFFICER; ALEJANDRO AZCONA, POLICE OFFICER; DAVID ALSTON, SERGEANT; CHIEF MEDICAL EXAMINER FOR NEW YORK CITY; PETER ANTOINE, ASSISTANT DISTRICT ATTORNEY, BRONX COUNTY; ROBERT T. JOHNSON, DISTRICT ATTORNEY, BRONX COUNTY; PREET BHARARA, UNITED STATES ATTORNEY, SDNY; SAGAR K. RAVI, ASSISTANT UNITED STATES ATTORNEY,<br><br>                        Defendants. | 22-CV-3414 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at USP Canaan in Waymart, Pennsylvania, brings this *pro se* action under 42 U.S.C. § 1983, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Defendants violated his constitutional rights. By order dated May 18, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file a second amended complaint within 60 days of the date of this order.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded

factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The amended complaint names as defendants New York City; the New York City Police Department (NYPD); the NYPD Commissioner; NYPD Officers Harris Haskovic, Michael Monahan, Alejandro Azcona, and Sgt. David Alston; the Medical Examiner for the City of New York; former Bronx County District Attorney Robert T. Johnson and Assistant District Attorney Peter Antoine; former United States Attorney for the Southern District of New York Preet Bharara and Assistant United States Attorney Sagar K. Ravi.

On May 25, 2015, at approximately 7:20 p.m., at the northwest corner of Webster Avenue and East 173rd Street in the Bronx, Officers Harris, Monahan, and Alston stopped Plaintiff's car for an "alleged defective tail light." (ECF 6 ¶ III.) The officers quickly verified, through a "Rugby computer search," that the car was registered to Plaintiff. (*Id.*) Minutes later, without Plaintiff's consent, Officer Haskovic opened the car door "to look for a VIN number which can be seen on the dashboard" of the car "from outside the vehicle," and "which had already been verified through" the computer search. (*Id.*) Officer Haskovic "noticed that the VIN sticker was missing," and Plaintiff was "falsely arrested and falsely charged with forgery of a Vehicle Identification Number" ("forgery charge"). After Plaintiff was taken to the 44th Precinct, the officers searched Plaintiff's car, and "found a black grocery bag under the hood of" Plaintiff's car, inside of which was a "black nylon zipper bag" containing a handgun. (*Id.*) Plaintiff was also charged with criminal possession of a weapon in the second degree. (*Id.*) A detective "secretly" gathered Plaintiff's DNA from a bottle of water that Plaintiff drank from during a post-arrest interview. (*Id.* at 7.)

3

The forgery charge was dismissed on an unspecified date; attached to the complaint is a state court indictment, dated June 5, 2015, showing that Plaintiff "was only indicted for [the] weapons possession charge." (*Id.* at 11-12.) The state weapons possession charge was dismissed in lieu of a federal arrest warrant on or about August 28, 2015. (ECF 15-CR-794-1 at 1, 2.) In 2017, Plaintiff was "convicted federally" for unlawful possession of a weapon, and he is currently incarcerated for that conviction.[2] The DNA evidence taken from the water bottle was used during that prosecution. (*Id.* at 7.)

Plaintiff claims that because the "initial charges," which "allegedly gave these officers probable cause to arrest" him, were dismissed, Defendants violated his Fourth Amendment rights "because the search was [the] product of an unlawful arrest." (*Id.*) Plaintiff asserts claims of false arrest and malicious prosecution arising from the dismissed forgery charge, which he alleges Defendants "used as an excuse to arrest" him and "search his car because they had information that [he] had a firearm in his vehicle."[3] (*Id.*) Plaintiff also asserts that the taking of his DNA without a court order was unconstitutional. (*Id.*) He seeks $15 million in damages.

---

[2] *United States v. Wallace*, No. 1:15-CR-794, 169 (KBF) (S.D.N.Y. 2017), *aff'd*, 17-0472 (2d Cir. Nov. 26, 2019) (noting that one of Plaintiff's "principal argument[s] on appeal is that the District Court erred in denying his motion to suppress the firearm, because it was discovered as the result of an unconstitutionally prolonged traffic stop," and "affirm[ing] the District Court's denial of the motion to suppress."). Plaintiff unsuccessfully challenged the conviction in a motion filed under 28 U.S.C. § 2255. *Wallace v. United States*, No. 20-CV-7134 (PKC) (S.D.N.Y. Jan. 6, 2021), *recons. denied* (S.D.N.Y. July 29, 2021), 21-458 (2d Cir. Mar. 28, 2022) (dismissing appeal because "Appellant has not made 'a substantial showing of the denial of a constitutional right.'")

[3] Plaintiff points out that, during the suppression hearing in the federal prosecution, Officer's Haskovic testified to having prior information that "Plaintiff had a weapon in the vehicle." (ECF 2 at 6.)

## DISCUSSION

**A.     Timeliness of complaint**

The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years.[4] *See* N.Y. C.P.L.R. § 214(5); *see also Gonzalez v. Hasty*, 802 F.3d 212, 219-20 (2d Cir. 2015) (holding that for claims arising in New York, "[t]he statute of limitations for *Bivens* claims is governed by the statute of limitations applicable to New York state law" personal injury claims, which is three years). Under federal law, which governs the question of when a Section 1983 claim accrues, "it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)); *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (holding that Section 1983 and *Bivens* claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim).

A claim of an illegal search or seizure accrues on the date on which the challenged search occurred. *See Olaizola v. Foley*, No. 16-CV-3777 (JPO), 2019 WL 428832, at *3 (S.D.N.Y. Feb. 4, 2019); *McClanahan v. Kelly*, No. 12-CV-5326, 2014 WL 1317612, at *4 (S.D.N.Y. Mar. 31, 2014) ("An unlawful search claim accrues at the time of the search."); *cf. Rudaj v. Treanor*, 522

---

[4] New York provides by statute for circumstances in which a limitations period may be tolled. *See, e.g.*, N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is determined to be non-arbitrable), *id.* at § 207(3) (where defendant is outside New York at the time the claim accrues), *id.* at § 208 (where plaintiff is disabled by infancy or insanity).

F. App'x 76, 77 (2d Cir. 2013) (summary order) (noting that "the harm resulting from an unconstitutional search" for purposes of accrual "occurs as a result of the search itself").

A false arrest claim accrues when the arrestee "becomes held pursuant to legal process – when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace*, 549 U.S. at 389 ("When a plaintiff is unlawfully arrested without probable cause, his § 1983 claim accrues before any conviction."); *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) ("A cause of action for false arrest accrues at the time of detention."). By contrast, the limitations period for a malicious prosecution claim accrues upon a favorable termination of the plaintiff's criminal proceedings.[5] *See McDonough v. Smith*, 139 S. Ct. 2149, 2154-55 (2019) (accrual of claim of fabricated evidence under Section 1983); *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (accrual of claim of malicious prosecution under Section 1983).

Here, Plaintiff alleges that, on or about May 25, 2015, NYPD officers stopped his vehicle without probable cause, and took his DNA without a court order. The forgery charge was dismissed shortly thereafter, on an unspecified date in 2015. Plaintiff had three years from the date of the allegedly unlawful vehicle stop and taking of his DNA to challenge the lawfulness of those actions by the NYPD, three years from the date he was "held pursuant to legal process," *Wallace*, 549 U.S. at 389, to file a false arrest claim, and three years from the favorable termination of the state forgery charge to file a malicious prosecution claim. All of these events took place on May 25, 2015, or shortly thereafter, but Plaintiff did not file this complaint until

---

[5] The Supreme Court recently held that a favorable termination of the underlying criminal prosecution requires a plaintiff bringing a malicious prosecution claim to show only that his prosecution ended without a conviction and does not require any affirmative indication of innocence. *Thompson v. Clark*, No. 20-659, _U.S._, 2022 WL 994329, at *7 (U.S. Apr. 4, 2022).

April 12, 2022, almost seven years later.[6] His Fourth Amendment claims thus appear to be time-barred.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact

---

[6] Plaintiff's complaint is dated April 12, 2022, and the Court received it on April 25, 2022. Under the "prison mailbox rule," a prisoner's document is deemed filed on the date that he gives it to prison officials for mailing. *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001); *see also Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) ("[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing.").

that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83.[7]

If Plaintiff amends his complaint, and the amended complaint includes any claim arising more than three years before he filed the original complaint on April 12, 2022, he must include facts showing why the claim should not be deemed time-barred.

**B.     Claims against the named defendants**

    1.     State and federal prosecutors

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court

---

[7] Because Plaintiff's complaint appears to be untimely filed, the Court need not at this stage address whether Plaintiff's claims are barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994) ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[.]").

proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*).

Here, Plaintiff's claims against state and federal prosecutors are based on actions within the scope of their official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against defendants who are immune from suit and, consequently, as frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

2. The NYPD and the NYC Medical Examiner's Office

Plaintiff's claims against the NYPD and the NYC Medical Examiner's Office must be dismissed because agencies of the City of New York are not entities that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *see also Gaston v. N.Y.C. Dep't of Health, Office of Chief Medical Examiner*, 432 F. Supp. 2d 321, 329 (S.D.N.Y. 2006) ("OCME is not a suable entity, and claims against OCME are subject to dismissal.").

C.     **Motion for counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

9

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants Plaintiff 60 days' leave to amend his complaint to address the untimeliness of his pleading. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**CONCLUSION**

The action is dismissed as against the following Defendants: (1) the New York City Police Department (without prejudice to assertion of claims against the City of New York); (2) the New York City Chief Medical Examiner's Office (without prejudice to assertion of claims against the City of New York); (3) former Bronx County District Attorney Robert T. Johnson; (4) Assistant Bronx County District Attorney Peter Antoine; (5) former United States Attorney for the Southern District of New York Preet Bharara; and (6) Assistant United States Attorney for the Southern District of New York Sagar K. Ravi. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). The motion for counsel is denied without prejudice, and the Clerk of Court is directed to terminate it. (ECF 8.)

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-3414 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 27, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name          Middle Initial          Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                    State                    Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

**IV.    DEFENDANT INFORMATION**

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:
First Name            Last Name            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

Defendant 2:
First Name            Last Name            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

Defendant 3:
First Name            Last Name            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

Defendant 4:
First Name            Last Name            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                Plaintiff's Signature

_____   _____   _____
First Name                    Middle Initial    Last Name

_____
Prison Address

_____          _____   _____
County, City                         State             Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____