UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIMMY WALLACE,

                    Plaintiff,

-v-

CITY OF NEW YORK; POLICE OFFICERS HARRIS HASKOVIC, MICHAEL MONAHAN, ALEJANDRO AZCONA, SERGEANT DAVID ALSTON, OFFICER JOHN DOE; FEDERAL BUREAU OF PRISONS,

                    Defendants.

22 Civ. 3414 (JPC)

ORDER OF SERVICE

---

JOHN P. CRONAN, United States District Judge:

Plaintiff, who is currently incarcerated at USP Canaan in Pennsylvania, brings this *pro se* action under 42 U.S.C. § 1983, asserting claims of false arrest and malicious prosecution against the City of New York and officers of the New York City Police Department ("NYPD"). Plaintiff's claims arise out of an allegedly false arrest occurring on May 25, 2015, at the corner of Webster Avenue and East 173rd Street in the Bronx. By order dated May 16, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## I. STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

## II.  DISCUSSION

A.  **Federal Bureau of Prisons ("BOP")**

Plaintiff asserts claims for violations of his constitutional rights by state actors under section 1983. To state a claim under section 1983, a plaintiff must allege that a person acting under the color of state law (a "state actor") violated a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). Where the defendant is a federal actor, an implied remedy for damages for the violation of constitutional rights instead may lie against the individual federal actor under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed section 1983 claims brought against federal employee as arising under *Bivens*).

In his second amended complaint, Plaintiff names the BOP as a defendant, but he cannot bring a claim for damages under *Bivens* against a federal agency such as the BOP. *See FDIC v. Meyer,* 510 U.S. 471, 485 (1994) (declining to imply a *Bivens* remedy against federal agencies). In any event, there are no facts in the second amended complaint explaining why the BOP is named or showing that the BOP had any involvement in the events giving rise to Plaintiff's arrest by NYPD officers. Accordingly, Plaintiff's claims against the BOP are dismissed.

B.  ***Valentin* Order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the second amended complaint, Plaintiff supplies sufficient information to permit the NYPD to identify the John Doe police officer who was involved in the events occurring in the Bronx on May 25, 2015. It is

therefore ordered that the New York City Law Department, which is the attorney for and agent of the NYPD, must ascertain the identity of the John Doe officer and the address where that officer may be served.  The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a third amended complaint naming the newly identified defendant.  The third amended complaint will replace, not supplement, the prior complaints.  A third amended complaint form that Plaintiff should complete is attached to this order.  Once Plaintiff has filed a third amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendant.

**C.**     **Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants City of New York, NYPD Officer Harris Haskovic, NYPD Officer Michael Monahan, NYPD Officer Alejandro Azcona, and NYPD Sergeant David Alston through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within ninety days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the second amended complaint until the Court reviewed that complaint and ordered those summonses be issued.  The Court therefore extends the time to serve until 90 days after the date summonses are issued.

Defendants. The Clerk of Court is further instructed to issue summonses deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the second amended complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### III. CONCLUSION

The Court dismisses Plaintiff's claims against the Federal Bureau of Prisons. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is instructed to: (1) complete the USM-285 forms with the addresses for the City of New York, NYPD Officer Harris Haskovic, NYPD Officer Michael Monahan, NYPD Officer Alejandro Azcona, and NYPD Sergeant David Alston and deliver all documents necessary to effect service to the U.S. Marshals Service; (2) mail a copy of this order and the complaint to the New York City Law Department at 100 Church Street, New York, New York 10007; and (3) mail an information package to Plaintiff. A third amended complaint form is attached to this Order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 7, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. City of New York
   100 Church Street
   New York, N.Y. 10007

2. New York Police Officer Harris Haskovic
   44th Precinct
   2 East 169th St
   Bronx, New York 10452

3. New York Police Officer Michael Monahan
   44th Precinct
   2 East 169th St
   Bronx, New York 10452

4. New York Police Officer Alejandro Azcona
   44th Precinct
   2 East 169th St
   Bronx, New York 10452

5. New York Police Sergeant David Alston
   44th Precinct
   2 East 169th St
   Bronx, New York 10452