UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMMY WALLACE
_____

Write the full name of each plaintiff.

No. 22 CIV. 3414 (JPC)
(To be filled out by Clerk's Office)

-against-

City of New York, Police officer's Harris Haskovic, Michael Monahan, Alejandro Azcona, Sergeant David Alston, and Sergeant Christopher Beckett

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☑ Yes   ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☑ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

JIMMY _____ WALLACE
First Name | Middle Initial | Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

N/A

Prisoner ID # (If you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

49864-054

Current Place of Detention

U.S.P. Canaan P.O. Box 300 Waymart PA, 18472
Institutional Address

Waymart _____ PA _____ 18472
County, City | State | Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☑ Convicted and sentenced prisoner
☐ Other: _____

Page 2

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1: City of NEW York
First Name / Last Name / Shield #

City of NEW York
Current Job Title (or other identifying information)

100 Church Street New York, N.Y. 10007
Current Work Address

NEW York, NEW York 10007
County, City / State / Zip Code

Defendant 2: David Alston
First Name / Last Name / Shield #

NEW York Police Sergeant
Current Job Title (or other identifying information)

44th Precinct 2 East 169th St
Current Work Address

Bronx NEW York 10452
County, City / State / Zip Code

Defendant 3: Harris Haskovic
First Name / Last Name / Shield #

NEW York Police Officer
Current Job Title (or other identifying information)

44th Precinct 2 East 169th St
Current Work Address

Bronx, NEW York 10452
County, City / State / Zip Code

Defendant 4: Michael Monahan
First Name / Last Name / Shield #

Current Job Title (or other identifying information)

Current Work Address

Bronx NEW York 10452
County, City / State / Zip Code

Page 3

Attachment Page 4, Continuation of Page 3.

# UNITED STATES DISTRICT Court SOUTHERN DESTRICT OF NEW YORK

Defendant 5: Alejandro Azcona
First Name    Last Name    Shield

NEW York Police Officer
Current Job Title (or other identifying information)

44th Precinct 2 East 169th St
Current Work Address

Bronx        NEW York        10452
County, City    State        Zip Code

Defendant 6: _____

NEW York Police Officer
Current Job Title (or other identifying information)

_____
Current Work Address

County, City    State        Zip code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: **Bronx New York**

Date(s) of occurrence: **May 25, 2015 and still currently occurring**

FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

On May 25, 2015, at approximately 7:20 pm, at the northwest corner of Webster Avenue and East 173rd Street in the Bronx, Officers Harris, Monahan and Sergeant Alston, stopped Plaintiff's car for an alleged defective tail light. Officer Azcona, immediately arrived on the scene and the officers quickly verified, through a Rugby computer search, that the car was registered to Plaintiff. 7 minutes later, without Plainff's consent, Officer Haskovic opened the car door "to look for a VIN number which can be seen on the dashboard of the car from outside the vehicle, and which had already been verified through the computer search. At that point Officers Harris, Monahan, Azcona, and Sergeant Alston, continued to detain the Plaintiff in violation of the Plaintiff's fourth amendment rights to be free from unreasonable searches and seizures by continuing to detain the Plaintiff after the purposes of the traffic stop was completed. After Officer Haskovic, noticed that the VIN sticker

Page 4

was missing, Defendant's Harris Haskovic, Michael Monahan, Alejandro Azcona, David Alston, again violated the Plaintiff's fourth amendment right's to be free from unreasonable searches and seizures by falsely arresting the Plaintiff and maliciously charging the Plaintiff with forgery of a vehicle identification number which was an excuse to arrest and search the Plaintiff because they had information that the Plaintiff had a weapon in his vehicle. The false arrest for forgery of a

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

Loss of liberty, mental pain and suffering loss of car/property. Violation of Constitutional rights under the 4th and 5th amendments Subjected to unreasonable searches and seizures. False imprisonment, and malicious prosecution.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

Plaintiff request's the court to order defendant's City of New York, Haskovic, Monahan, Azcona, Alston, and detective John Doe, to award Plaintiff jointly and severally $15,000,000 fifteen million dollars in actual damages for mental suffering punitive damages, and in monetary damages, Plaintiff also request an injunctive relief ordering Federal Bureau of prisons to release the Plaintiff from Prison.

Attachment Page 6, continuation of Page 5.

Vehicle identification number amounted to a malicious prosecution of the plaintiff by Defendant's "NEW York City Officer" Harris Haskovic, Michael Monahan, Alejandro Azcona, and David Alston, which also violated the Plaintiff's fourth amendment right to be free from unreasonable searches and seizures'. After the Plaintiff was falsely arrested Officer's/Defendant's Monahan, and Haskovic, conducted unlawful warrantless searches on the Plaintiff and his vehicle and also bags found in the Plaintiff's in violation of the Plaintiff's fourth amendment right's where those Defendant's discovered a firearm according to police report's furthermore; Sergeant Christopher Beckett, violated the Plaintiff's fourth amendment right's when he secretly collected the Plaintiff's DNA from a bottle of water that the Plaintiff drank from during a post-arrest

Attachment Page 7, Continuation of Page 5.

interview. Both the Unlawfully obtained DNA evidence and Firearm was used at the Plaintiff's trial in this matter as evidence where the Plaintiff was convicted and Sentenced to a term of 15 year's imprisonment and since the Plaintiff is thereby Imprisoned in Violation of the Constitution or Laws or treaties of the United States, the Violation of the Plaintiff's fourth amendment right is Ongoing and still occurring due to the Plaintiff's continued Imprisonment where unlawfully obtained evidence was used to secure his conviction. Under the fruit of the poisonous tree doctrine the Plaintiff's Conviction and Imprisonment is invalid.

THIS COMPLAINT SHOULD BE DEEMED TIMELY FILED BECAUSE 1. The Plaintiff's Constitutional

"Please Continue on next Page" ⟶

Case 1:22-cv-03414-JPC-JW Document 26 Filed 11/21/22 Page 9 of 20

Attachment Page 8, Continuation of Page 5.

Violations are still ongoing due to the Plaintiff's continued imprisonment and 2. Due to the recent Supreme Court Ruling in Thompson v. Clark, which held, "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment Claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." Due to the Supreme Court ruling in that matter which changed Second Circuit precedent the Plaintiff's Malicious Prosecution claims and false arrest claims are timely filed.

A. In federal Court, the statutes of limitations applicable to §1983 generally starts to run when the claim "accrues", i.e., when the plaintiff knows or has reason to know of the wrong upon which the action is based. There is an exception to this rule for actions that, if successful

Case 1:22-cv-03414-JPC-JW  Document 26  Filed 11/21/22  Page 10 of 20

Attachment Page 9, Continuation of Page 5.

would demonstrate that a prisoner's criminal Conviction or sentence, or Continuing Confinement is invalid.

If a violation of rights takes place over a period of time, it may be considered to be a "Continuing Wrong" (or Continuing harm, violation, etc.) That means the Statute of limitations may not start to run until the end of that period, and a plaintiff can recover for the whole course of conduct even if it started outside the limitations period. See Marrero-Gutierrez v. Molina, 491 F.3d 1, 5-6 (1st Cir. 2007); Brown v. Ga. Bd. Of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003). Heard v. Sheahan, 253 F.3d 316, 320 (7th Cir. 2001) (adopting Continuing Wrongs rule for § 1983 Suits) and cases cited; accord, Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009) (Following Heard v. Sheahan); Hensley v. City of Columbus, 557 F.3d 693, 697 (6th Cir. 2009) ("Continuous Violation" exists if "(1) the defendants engage in Continuing **Wrongful** Conduct; (2) injury to the plaintiffs

Attachment Page 10, Continuation of page 5.

accrues continuously; and (3) had the defendants at any time ceased their wrongful conduct, further injury would have been avoided"); See Tiberi v. Cigna Corp., 89 F.3d 1423, 1430-31 (10th Cir. 1996) (applying New Mexico law and holding claim accrues, and limitations period runs, from date of last injury or when "the wrong is over and done with"). See also or Compare Edmonson v. Coughlin, 21 F. Supp. 2d 242, 246 (W.D.N.Y. 1998) (yes) with Love v. Cook County, 82 F. Supp 2d 911, 914-15 (N.D.Ill. 2000) (no). The Edmonson decision is consistent with law holding that claims for failure to release on time and for false imprisonment accrue at the time of release. See Abiff v. Slaton, 806 F. Supp. 993, 996 (N.D.Ga. 1992), aff'd, 3 F.3d 443 (11th Cir. 1993)

Accordingly the plaintiff hereby submits that the Continuing wrong rule apply in this matter because (1). Defendant's Haskovic, Monahan, Azcona, and Alston, Violated the Plaintiff's fourth amendment rights

Attachment Page 11, Continuation of Page 5.

to be free from Unreasonable Searches and Seizure when they, Unlawfully prolonged the traffic stop in this matter to search for Vin number which can be seen from outside the vehicle, falsely arrested the Plaintiff, and maliciously prosecuted the Plaintiff on forgery of a Vehicle Identification number charge as an excuse to arrest and search the Plaintiff's vehicle because they had information that Plaintiff had a firearm in his vehicle, Unlawfully searched Plaintiff's Vehicle and bag's found in the Plaintiff's vehicle without a warrant or consent of the Plaintiff, and when Defendant Detective John Doe, Secretly collected Plaintiff's DNA without a warrant or consent of Plaintiff.
   The Unlawfully obtained DNA evidence and firearm was used to find Plaintiff guilty at trial which

Case 1:22-cv-03414-JPC-JW   Document 26   Filed 11/21/22   Page 12 of 20

Attachment Page 12, Continuation of page 5.

Violated the Plaintiff's right to a fair trial under the Fifth amendment and under the Fruit of the poisonous tree doctrine Plaintiff's conviction and Imprisonment are invalid and Plaintiff is thereby Imprisoned in Violation of the Constitution or Law or treaties of the united States meaning that Plaintiff's Imprisonment is a Continuing Violation Plaintiff's 4th fourth and 5th Fifth amendment right's accordingly the Continuing wrong rule apply.

B. Due to the recent Supreme court ruling in Thompson V. Clark, (No. 20-659) Plaintiff's false arrest and malicious prosecution claims are timely filed.

Prior to the Plaintiff being charge for the firearm in this matter, Plaintiff was first arrested

Case 1:22-cv-03414-JPC-JW   Document 26   Filed 11/21/22   Page 14 of 20

Attachment Page 13, Continuation of page 5.

"Falsely," and falsely charged with forgery of a Vehicle Identification number. Those initial Charges which allegedly gave the Defendant's probable Cause to arrest the Plaintiff was dismissed immediately after the Search of Plaintiff's Vehicle was Conducted without any explanation by the prosecutor or judge.

At that time a Contest or Claim of false arrest and malicious Prosecution was irrelevant and would have been futile because of Second Circuit precedent which at that time held; "To prevail in a false arrest, and malicious prosecution Claim a plaintiff had to show that his criminal prosecution ended not merely without a Conviction, but also with affirmative indication of

Attachment Page 14, Continuation of Page 5.

his innocence. See Lanning V. Glens Falls, 908 F.3d 19, 22 (2018). At time Plaintiff could not put forth any substantial evidence that would explain why the prosecutor had moved to dismiss the charges or why the trial court had dismissed the charges. Therefore, the District Court would have ruled in a claim raised by the Plaintiff that Plaintiff's criminal case had not ended in a way that affirmatively indicate Plaintiff's innocence However; due to the recent Supreme Court ruling in Thompson V. Clark, Plaintiff's malicious prosecution Claim's and false arrest claim here are now relevant and Plaintiff hereby request that this Court hold that Plaintiff's malicious prosecution and false arrest claims are timely filed.

    The applicable statute of limitations for §1983 actions

Attachment Page 14A, Continuation of Page 5.
arising in NEW York requires claims to be brought within three years. See Owens V. Okure, 488 U.S. 235, 250-51, 102 L. Ed. 2d 594, 109 S. Ct. 573 (1989) Eagleston V. Guido, 41 F. 3d 865 871 (2d cir. 1994)

Statute of limitations are generally subject to equitable tolling where necessary to prevent unfairness to a plaintiff who is not at fault for his lateness in filing. See Haekal V. Refco, Inc., 198 F. 3d 43 (2d cir. 1999) To benefit from equitable tolling a Plaintiff must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland V. Florida, 560 U.S. 631, 649, 130 S. Ct. 2549 177 L. Ed. 2d 130

In the instant matter here, As to prong 1. Plaintiff has shown that he was foreclosed by Second circuit precedent preventing him from making the instant claim within the period of limitations. As to prong 2. the record shows that plaintiff has been diligent in seeking relief- The Plaintiff filed the instant claim within three weeks of the Supreme Court's decision in Thompson V. Clark, which is the supreme court's decision that overturned the Second circuit precedent.

Plaintiff clearly satisfies both prongs of the equitable tolling doctrine. Equitable tolling has been appriate where the Plaintiff was somehow prevented from learning of his cause of action within the statutory period. See Veltri, V. Bldg. Serv. 32b-J Pension fund 393 F. 3d 318 (2d cir. 2004) Accordingly, the plaintiff hereby moves this court for a tolling of the statute of limitations to run from April 4, 2022 when the Plaintiff's claim became available to him through the supreme court's ruling in Thompson V. Clark, For the following reasons 1. Prior to the Supreme Court's decision in Thompson V. Clark, a claim of malicious prosecution and false arrest would have

Attachment Page 14B, Continuation of Page 5.

been futile due to Second Circuit precedent. 2. The Plaintiff learned of his Cause of action through the Supreme Court's ruling in Thompson V. Clark, on April 4, 2022. 3. Even if the Plaintiff didn't qualify for quitable tolling the on going wrong rule apply here because the Plaintiff is currently imprisoned as a result of a malicious prosecution in violation of his fourth and Fifth amendment rights.

Plaintiff Claims at issue here fall into the well-established exceptions for Constitutional and Futile Claims see ante, → at __ · __ 209 L. Ed. 2d, at 385-387; See also Sims, 530 (209 L.Ed. 2d 389) U.S., at 115, 120 S. Ct. 2080, 147 L. Ed. 2d 80 (Breyer, J., dissenting); Woodford V. Ngo, 548 U.S. 81, 103, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006)(Breyer, J., Concurring in judgment); Ross V. Blake, 578 U.S. 632, 649, 136 S. Ct. 1850, 195 L. Ed. 2d 117 (2016) Breyer J., Concurring in judgment in part) (recognizing these traditional exceptions).

Defendants Harris Haskovic, Michael Monahan, Alejandro Azcona, Sergeant David Alston, Sergeant Christopher Beckett, who was acting under State Law are all liable for the violations suffered by the plaintiff because they was all personally involved in the Malicious prosecution, and false arrest of the plaintiff.

Defendant City of New York is also liable for the Violations suffered by the Plaintiff because the above Officer's and Sergeants are all employee's of City of New York.

On April 4th, 2022 the Supreme Court held
See next Page

Attachment Page 15, Continuation of Page 5.

that "To demonstrate a favorable termination of a criminal prosecution for purposes of the fourth amendment claim under § 1983 for Malicious prosecution, a Plaintiff need only show that his prosecution ended without a conviction." See Thompson v. Clark, (NO. 20-659) (S.Ct. April 4, 2022)

Accordingly, Since plaintiff's initial charges for forgery of a Identification number was dismissed without any explanation by the prosecutor or judge, the plaintiff hereby raises his claim against Defendants Harris Haskovic, Michael Monahan, Alejandro Azcona, David Alston, and City of New York for falsely arresting the Plaintiff and malicious prosecution in violation of Plaintiff's fourth amendment right's

Attachment Page 16, Continuation of Page 5

to be Free of Unreasonable Searches and Seizures. In addition to relief requested on page 5, the Plaintiff Further requests that the court attach all Exhibits from Plaintiff's Prior Complaints as evidence to be attached to this Complaint.

Defendant's City of NewYork is responsible for the Plaintiff's Violation of his fourth amendment right as well because Defendant's involved are employees of the City of NewYork.

Respectfully Submitted

X  *(signature)*

TIMMY WALLACE

X 49864-054

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

11-13-2022
Dated

Timmy Wallace
Plaintiff's Signature

TIMMY
First Name

Middle Initial

WALLACE
Last Name

U.S.P. Canaan  P.O. Box 300
Prison Address

Waymart
County, City

PA
State

18472
Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: 11-13-2022

Page 6