UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------x

TIMMY WALLACE,                              :
                                            :
                          Plaintiff,        :        MEMORANDUM DECISION
                                            :        AND ORDER
          -against-                         :
                                            :        22 Civ. 3414 (GBD) (JW)
CITY OF NEW YORK, *et al.*,                 :
                                            :
                          Defendants.       :

-------------------------------------------x

GEORGE B. DANIELS, United States District Judge:

*Pro se* plaintiff Timmy Wallace ("Plaintiff") brings this action for false arrest and malicious prosecution pursuant to 42 U.S.C. § 1983 against defendants the City of New York and police officers Harris Haskovic, Michael Monahan, Alejandro Azcona, David Alston, and Christopher Beckett (collectively, "Defendants"). On September 19, 2022, the case was referred to Magistrate Judge Jennifer E. Willis for pretrial management and dispositive motions. (ECF No. 19.) On April 10, 2023, Defendants collectively moved for judgment on the pleadings. (Mot. for J. on Pleadings (the "Motion"), ECF No. 46.) Before this Court is Magistrate Judge Willis's Report and Recommendation (the "Report") recommending that Defendants' motion for judgment on the pleadings be granted. Upon a careful review of the Report and the underlying record, this Court adopts the Report in full and dismisses this case. (R & R, ECF No. 78.)

## I.    FACTUAL BACKGROUND[1]

This case stems from Plaintiff's May 25, 2015, arrest for violating New York Penal law § 170.70, illegal possession of a vehicle identification number ("VIN"). *See U.S. v. Wallace*, 15 Cr. 794 (KBF), 2016 WL 4367961, at *1 (S.D.N.Y. Aug. 11, 2016). On that date, NYPD officers

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

pulled over Plaintiff's car for a defective taillight. (Third Am. Compl. ("TAC"), ECF No. 54, at 4.) Upon opening the driver-side door, the arresting officers discovered that Plaintiff's vehicle did not have a VIN label affixed to the door, as required by New York law.[2] (Second Am. Compl. ("SAC"), ECF No. 26, at 4–5.) Suspecting that the vehicle was stolen, the officers arrested Plaintiff and his vehicle was impounded. *See Wallace*, 2016 WL 4367961, at *3–5.[3]

During the inventory search of Plaintiff's vehicle, NYPD officers found a gun stashed under the hood of Plaintiff's car. *See id.* at *6. State prosecutors subsequently dismissed the § 170.70 charges and indicted Plaintiff for criminal possession of a weapon. (Compl., ECF No. 2, at 12–15.) On or about August 28, 2015, the state weapons possession charge was dismissed in lieu of a federal felon-in-possession charge pursuant to the Armed Career Criminal Act, 18 U.S.C. §§ 922(g), 924(e)(1), 924(2)(A). (Order to Amend, ECF No. 11, at 4.) In 2017, Plaintiff was convicted in federal court of unlawful possession of a weapon and sentenced to fifteen years in prison. *See United States v. Wallace*, 937 F.3d 130, 136–37 (2d Cir. 2019) (denying Plaintiff's appeal of his conviction).

On April 25, 2022, Plaintiff brought this action, alleging false arrest and malicious prosecution pursuant to 42 U.S.C. § 1983. (Compl. at 6.) On April 10, 2023, Defendants filed this motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Motion.) On June 20, 2023, Plaintiff filed a third amended complaint—the operative complaint

---

[2] New York Penal Law § 170.70 states, in relevant part, that "a person is guilty of illegal possession of a vehicle identification number when . . . [h]e knowingly possesses a vehicle or vehicle part . . . from which a vehicle identification number label, sticker, or plate has been removed." N.Y. Penal Law § 170.70.

[3] This Court takes judicial notice of the extensive record in Plaintiff's federal criminal case and the facts established at trial. See *Brookins v. Laureano*, No. 22-1478-PR, 2023 WL 6458543 (2d Cir. Oct. 4, 2023) (taking judicial notice of the record in a prior criminal case); Fed. R. Evid. 201(b).

before this Court. (TAC.) On July 6, 2023, Plaintiff filed an opposition to the motion, (Pl. Opp., ECF No. 58,) to which Defendants replied on July 24, 2023, (Defs. Reply, ECF No. 62.)

On February 13, 2024, Magistrate Judge Willis issued her Report, which recommended that Defendants' motion be granted, and the case be dismissed in its entirety. (R&R, at 1.) On March 11, 2024, Plaintiff filed his objections to the Report with an accompanying declaration. (Pl. Objs., ECF No. 80.) On March 27, 2024, Defendants replied to the Plaintiff's objections. (Def. Reply, ECF No. 83.) On April 16, 2024, Plaintiff filed additional objections to the Report. (Add'l Objs., ECF No. 84.)

## II.   LEGAL STANDARDS

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* The court must review de novo the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections have been made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17-CV-569 (RJS) (KNF), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, No. 14-CV-3515 (VEC) (MHD), 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (citations omitted).

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lynch v. City of New York*,

3

952 F.3d 67, 75 (2d Cir. 2020). The chief question is "whether a complaint's factual allegations plausibly give rise to an entitlement to relief . . . ." *Id.* (citation omitted). "[J]udgment on the pleadings is not appropriate if there are issues of fact which if proved would defeat recovery, even if the trial court is convinced that the party opposing the motion is unlikely to prevail at trial." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (citation omitted). When assessing a Rule 12(c) motion, courts must "accept all factual allegations in the complaint as true and draw all reasonable inferences in [the Plaintiff's] favor." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009).

Further, courts must review *pro se* submissions with "special solicitude," and their contents "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023).

## III.  THE REPORT IS ADOPTED

Plaintiff objects to the Report's conclusions that (1) his false arrest claim was untimely; (2) he did not establish a malicious prosecution claim; and (3) he did not establish a municipal liability claim. This Court liberally construes Plaintiff's arguments as raising specific objections to the Report. On a *de novo* review, this Court adopts the Report's conclusions in full.

### A.  False Arrest[4]

"[I]n New York, the statute of limitations for [§] 1983 claims is New York's general statute of limitations for personal injury actions, which is three years." *Kane v. Mount Pleasant Central*

---

[4] While Plaintiff has raised claims for false arrest in numerous complaints, the operative complaint only asserts a claim for malicious prosecution. See TAC at 6 ("Even though the Defendants in this matter are liable for numerous violations of Plaintiff's constitutional right's [sic] . . . this claim is in reference to the malicious prosecution . . . ."). Defendants' motion, however, responds to all the arguments raised in Plaintiff's numerous complaints. (*See* Motion at 5.) "[I]n the interest of resolving this dispute on the merits," Judge Willis considered both Plaintiff's false arrest and malicious prosecution claims. (Report at 2.) Likewise, this Court will review the Report's recommendations on both of Plaintiff's claims.

*School District*, 80 F.4th 101, 108 (2d Cir. 2023) (citation omitted). For false arrest claims, the statute of limitations begins to run "once the victim becomes held pursuant to [a legal] process— when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007). Accordingly, the statute of limitations on Plaintiff's false arrest claim began to run when he was arraigned on June 24, 2015. (*See* Pl. Obj. at 5.) Since more than three years elapsed between that date and Plaintiff's filing of this action in 2022, Plaintiff's false arrest claim is time barred.

Plaintiff does not dispute that he filed this action well beyond the three-year limitation period. Instead, Plaintiff argues that his claims are timely because he served a notice-of-claim on the New York City Comptroller on July 30, 2015. (*See* Add'l Objs. at 29–30.) But as the Report notes, "state law notice-of-claim provisions are inapplicable to § 1983 actions brought in federal court." *Finley v. Giacober*, 827 F.Supp. 215, 219 (S.D.N.Y. 1993). So even if this notice-of-claim put the Defendants on notice that Plaintiff may one day challenge his arrest, this did not toll the three-year statute of limitations for his federal claims. *See Day v. Moscow*, 955 F.2d 807, 814 (2d Cir. 1992) ("The purpose of a tolling provision is to assure that the claimant has the full period of time provided by a statute of limitations in which to bring his suit. In the present case, no valid purpose would be served by enlarging the prescribed period to 'compensate' for a disability that did not exist.")

This Court further adopts the Report's conclusion that the continuing violation exception does not apply. As the Report states, "[f]or the continuing violation doctrine to apply, a plaintiff must allege that "specific individuals committed at least one wrongful act within the statutory time period." (R&R at 10 (quoting *Gonzalez v. Wright*, 665 F.Supp.2d 334, 350 (S.D.N.Y. 2009).)

Here, "Plaintiff has failed to allege any non-time-barred acts committed by Defendants." (*Id.*) Therefore, the continuing violation doctrine is inapplicable.

Accordingly, this Court adopts the Report's recommendation to dismiss Plaintiff's false arrest claim as untimely.

## B. Malicious Prosecution

Unlike his false arrest claim, Plaintiff's malicious prosecution claim is timely. Malicious prosecution claims pursuant to § 1983 are subject to the same three-year limitation period noted above. *See Smith v. City of New York*, 1F.Supp.3d 114, 119 (S.D.N.Y. 2013). But this limitation period may be equitably tolled where the plaintiff is "not at fault for her lateness in filing." *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004). A litigant claiming equitable tolling must show (1) "that some extraordinary circumstance stood in her way" and (2) "that she has been pursuing her rights diligently." *Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023) (internal citation omitted).

Here, Magistrate Judge Willis reasoned that Plaintiff was not at fault because his malicious prosecution claim was not cognizable before the Supreme Court's decision in *Thompson v. Clark*, 596 U.S. 36 (2022). (R&R at 12–13.) *Thompson* held that plaintiffs alleging malicious prosecution under § 1983 "need only show that the criminal prosecution ended without a conviction." *Thompson*, 596 U.S. at 49. This changed prior Second Circuit case law that required plaintiffs to show that their criminal prosecution ended "with some affirmative indication of [] innocence." *Id.* at 41. Thus, prior to *Thompson*, Second Circuit case law precluded malicious prosecution claims where (like here) a plaintiff's underlying criminal charge was unilaterally dismissed without an "affirmative indication of innocence." After the change in law, Plaintiff was reasonably diligent in pursuing his rights, filing this claim less than one month after the *Thompson* decision. (R&R at 13.) Plaintiff's reasonable reliance on then-authoritative Second Circuit

6

precedent, and diligent effort to pursue his malicious prosecution claim when it became available, warrants equitable tolling of the statute of limitations. Accordingly, this Court adopts Magistrate Judge Willis's conclusion that Plaintiff's malicious prosecution claim is timely.

Although timely, Plaintiff's malicious prosecution claim is not actionable. First, that claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that in actions seeking "damages for allegedly unconstitutional convictions or imprisonments, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," plaintiffs must prove that the conviction or sentence has been "invalidated." *Id.* at 486–87. Here, Plaintiff seeks damages arising out of his criminal conviction, (*see* TAC at 5,) and a favorable decision on his malicious prosecution claim would necessarily call into question his valid federal conviction. The instant suit and Plaintiff's federal conviction both arose from his May 25, 2015, arrest and the subsequent inventory search of Plaintiff's vehicle. Additionally, Plaintiff's federal conviction was upheld on appeal and remains valid. *See Wallace*, 937 F.3d at 136–37. Magistrate Judge Willis correctly determined that Plaintiff's malicious prosecution claim and his valid federal conviction are "inextricably intertwined," and therefore, barred under *Heck*. (R&R at 18.)

Moreover, Plaintiff has failed to adequately allege a claim for malicious prosecution. To establish a malicious prosecution claim under New York law, a plaintiff must prove "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)).

It is clear from the pleadings that Defendants had probable cause to initiate prosecution, even though the initial charge was dismissed. Probable cause to prosecute is implied where the

7

officers had probable cause to arrest and there was no intervening fact that dissipated their probable cause. *Kinzer v. Jackson*, 316 F.3d 139, 144 (2d Cir. 2003). It is uncontested that Plaintiff's driver-side door was missing a VIN label in violation of New York Penal Law § 170.70. (*See* SAC at 4–5.) Plaintiff has failed to allege any intervening facts that would dissipate this probable cause to arrest. Plaintiff alleges that during the arrest, officers performed a "Rugby Search" of the vehicle's registration stickers, which showed Plaintiff was the owner of the vehicle. (Pl. Objs. at 2–4.) But this information would not dissipate the officer's probable cause to arrest pursuant to § 170.70 because Plaintiff's driver-side door was still missing a VIN label. Further, the court presiding over Plaintiff's criminal trial considered and rejected this same argument. *See Wallace*, 2016 WL 4367961, at *8–9. The initial probable cause to arrest, and the discovery of the handgun without any intervening fact, is fatal to Plaintiff's malicious prosecution claim. Accordingly, this Court adopts the Report's conclusion on this issue and dismisses Plaintiff's malicious prosecution claim.

## C. Municipal Liability

Finally, Plaintiff objects to the Report's conclusion that he has not adequately plead a municipal liability claim. "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir.1983). "The failure to train or supervise city employees may constitute an official policy or custom if the failure amounts to 'deliberate indifference' to the rights of those with whom the city employees interact." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). "To establish deliberate indifference, a plaintiff must show that the municipality was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or

8

sanction violations of constitutional rights." *Uviles v. City of New York*, 130 F.4th 27, 32 (2d Cir. 2025) (citation omitted).

Here, Plaintiff argues that the City was deliberately indifferent to his constitutional rights by failing to effectively punish one of the arresting officers for previous constitutional violations. (*See* TAC at 18–19; Pl. Objs. at 7; Add'l Objs. at 27–28.)   Specifically, Plaintiff alleges that the City was aware that one of the arresting officers was previously "found guilty" by the Civilian Complaint Review Board for unlawful arrests and seizures.   (Add'l Objs. at 27–28.)   Even accepting these allegations as true, these two previous unrelated incidents are not sufficient to establish a widespread pattern of misconduct by the officer or deliberate indifference by the City. *See Giaccio v. City of New York*, 308 F. App'x 470, 472 (2d Cir. 2009) (finding that four constitutional violations "falls far short of establishing a practice that is 'so persistent or widespread' as to justify the imposition of municipal liability"); *Nardoni v. City of New York*, 331 F. Supp. 3d 116, 129 (S.D.N.Y. 2018) (finding allegations of six previous incidents of false arrest by an NYPD detective insufficient to establish a policy or practice).   Further, Plaintiff fails to allege any causal link between the officer's previous alleged misconduct and the City's decision to commence and pursue criminal charges following his arrest.   Accordingly, Plaintiff's municipal liability claim is dismissed.

## IV.    PLAINTIFF IS NOT GRANTED LEAVE TO AMEND

This Court also adopts the Report's recommendation to deny the Plaintiff leave to amend. Ordinarily, "pro se litigants should be given leave to amend a complaint if a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 22 F.3d 99, 112 (2d Cir. 2000) (citation omitted).   But where a plaintiff's claims are substantively lacking, such that "granting leave to amend is unlikely to be productive[,] . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).   Here,

additional pleadings would not cure the substantive deficiencies in Plaintiff's claims. Accordingly,

Plaintiff is denied further leave to amend.

## V.    CONCLUSION

Defendants' motion for judgment on the pleadings, (ECF No. 46,) is GRANTED. The

Clerk of Court is directed to close the case accordingly.

Dated: New York, New York
      February 12, 2026

                SO ORDERED.

                George B. Daniels

                GEORGE B. DANIELS
                United States District Judge

10